IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANTHONY T. GROSE,

    Plaintiff,

VS.                                                          No. 20-2307-TLP-cgc

CITY OF BARTLETT, TENNESSEE GOVERNMENT, et al

    Defendants.

### REPORT AND RECOMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] are the October 30, 2020 Motion to Set Aside Default filed by State of Tennessee, Government, Tennessee-Bureau of Investigation, Tennessee-Shelby County District Attorney's Office ("Tennessee Defendants") (D.E. # 27), the October 30, 2020 Motion to Set Aside and to Dismiss for Insufficient Service of Process filed by Nick Bramlett, City of Bartlett, Tennessee Government, Wesley Wilson ("Bartlett Defendants") (D.E. # 28) and the November 9, 2020 Motion for Entry of Default Judgment filed by *pro se* Plaintiff, Anthony T. Grose. (D.E. # 30). For the reasons stated below, it is RECOMMENDED that the Motions to Set Aside Default be GRANTED and that the Motion for Entry for Default Judgment be DENIED. It is also RECOMMENDED that

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P 12(b)(5) and 4(m).

### I. Procedural History

Plaintiff filed his initial Complaint and paid the $400 case initiation fee on April 20, 2020. (D.E. # 1 and 2)  On April 24, 2020, summonses were issued to Plaintiff for service on the defendants.  (D.E. # 6)  On June 1, 2020 and June 8, 2020, Plaintiff filed summonses returned executed as to all of the Defendants.  (D.E. # 7, 8, 9, 10 and 12)  Plaintiff signed each of the proofs of service as the server.  (PageID 42, 50, 54, 58, 66, and 74)  Plaintiff also submitted affidavits averring that he served the Bartlett Defendants with copies of the summons and complaint in this action.  (PageID 48)

On June 10, 2020, Plaintiff filed an Amended Complaint.  (D.E. # 13)  Summonses were issued as to all Defendants on July 30, 2020 (D.E. # 14).  Plaintiff filed an affidavit of service for summons and amended complaint served on Defendants (D.E. # 15) and filed summonses returned executed as to all of the Defendants (D.E. # 16, 17, 18, 19, 20 and 21)  Plaintiff filed proofs of service with no server signature but listing "FedEx Carrier delivered for Anthony Grose, Plaintiff" (PageID 147, 151, 155, 159, 163 and 167)

On October 9, 2020, Plaintiff filed a Motion for Entry of Default (D.E. # 22).  Default was entered by the Clerk of Court on October 20, 2020.  (D.E. # 23)  The Clerk's Entry of Default notes that "[for] good cause shown, the court may set aside this motion for entry of default pursuant to Rule 55(c)."  On October 30, 2020 the Tennessee Defendants filed their Motion to Set Aside Entry of Default on the grounds that Plaintiff failed to properly serve the

Tennessee Defendants and that attempts to complete service of process through the U.S. Mail and FedEx violates Fed.R.Civ.P 4(c)(2). On October 30, 2020, the Bartlett Defendants filed a similar Motion to Set Aside Entry of Default and additionally sought the dismissal of the Amended Complaint without prejudice for failure to serve complaint and summons on the Bartlett Defendants within 90 days after the Complaint was filed pursuant to Fed.R.Civ.P 4(m). (D.E. # 28)

II.   Proposed Analysis

Rule 55(a) of the Federal Rules of Civil Procedure requires the entry of default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(c) permits the court to set aside entry of default for good cause. See O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003). " '[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c)' to grant a defendant relief from a default entry." United States v. Real Prop., All Furnishings Known as Bridwell's Grocery, 195 F.3d 819, 820 (6th Cir. 1999) (quoting Waifersong Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)). The criteria used to determine whether "good cause" has been shown for purposes of setting aside an entry of default are whether: (1) the default was willful (i.e., defendant's culpable conduct led to the default); (2) setting aside the default would prejudice plaintiff; and (3) defendant has a meritorious defense. O.J. Distrib., Inc., 340 F.3d at 353 n.3 (6th Cir. 2003) (citing United Coin Meter Co., Inc. v. Seaboard Coastline RR., 705 F.2d 839, 844 (6th Cir. 1983)).

3

      a. The default was wilful

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." <u>Dassault Systemes, SA v. Childress</u>, 663 F.3d 832, 841 (6th Cir. 2011), citing <u>Shepard Claims Serv., Inc. v. William Darrah & Assocs.</u>, 796 F.2d 190, 194 (6th Cir.1986). Defendants could not have committed culpable conduct leading to the default because the obligation to answer or otherwise defend does not begin unless and until a defendant has been served in accordance with Fed.R.Civ.P 4[2].

Rule 4 governs the issuance and service of summons. Because Plaintiff paid the case initiation fee, he was responsible for ensuring that service is completed consistent with Rule 4. The instant case involves the State of Tennessee[3], Shelby County Government, the City of Bartlett, Tennessee and two individuals.

To serve the State of Tennessee, Shelby County Government or the City of Bartlett, Tennessee, Plaintiff must comply with Fed.R.Civ.P 4(j)(2):

    (j) Serving a Foreign, State, or Local Government.

    …..

---

[2] (a) TIME TO SERVE A RESPONSIVE PLEADING.

  (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

    (A) A defendant must serve an answer:

      (i) within 21 days after <u>being served with the summons and complaint</u>

    Fed.R.Civ.P 12 (emphasis added)

[3] The Shelby County District Attorney's Office and the Tennessee Bureau of Investigation are not separate legal entities and are subsumed within Shelby County Government and the State of Tennessee respectively.

>> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
>> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
>> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Service upon a municipality within the State of Tennessee shall be made by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney. Tenn.R.Civ.P 4.04 (8)  The affidavits filed in support of the Motion to Set Aside Default as to the City of Bartlett, Tennessee aver that neither the Mayor nor the City Attorney were personally served and that neither authorized anyone to accept service on behalf of the City of Bartlett, Tennessee.  (D.E. # 28-2, PageID 213-4; D.E. #28-3, PageID 217-8).  Further, proof of service must be made to the Court by the server's affidavit.  Fed. R. Civ. P. 4(l)(1) (emphasis added). "Proof of service, in the form of the return of service, shall be filed within 7 days after service is effected."  L.R. 4.1(e).  Service may be made by any person who is at least 18 years old and not a party.  Fed. R. Civ. P. 4(c)(2) (emphasis added).  While the docket does reflect that Plaintiff has provided what he deems to be proof of service to the court, the documents provided are either signed by Plaintiff as the server, which is not permitted under Rule 4(c)(2), or are not signed by anyone as the server as required by Rule 4(l)(1).  Therefore, the State of Tennessee, Shelby County Government and the City of Bartlett, Tennessee have not been properly served and the obligation to answer or otherwise defend has not been triggered.

To serve the individual defendants, Plaintiff must comply with Fed.R.Civ.P. 4(e):

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[4]; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Affidavits filed by Nick Bramlett and Wesley Wilson aver that neither were personally served with the summons and complaint and that neither authorized anyone else to accept service of process on their behalf. (D.E. # 28-4, PageID 211-2; D.E. # 28-5, PageID 225-6) As with the governmental entities, Plaintiff offers affidavits as proof of service either signed by Plaintiff himself as server or with no server signature at all for each of the individual defendants. These affidavits do not comply with Rule 4(c)(2) or 4(l)(1). Therefore, Nick Bramlett and Wesley Wilson have not been properly served and the obligation to answer or otherwise defend has not been triggered.

### b. Setting aside the default would prejudice Plaintiff

Plaintiff argues in his response to the motions to set aside that he will suffer prejudice because of the ongoing conduct of the defendants, the delay will prevent him from obtaining the

---

[4] While service by mail upon an individual defendant is acceptable, it is required to be made by certified return receipt mail. Tenn.R.Civ.P 4.04 (10).

relief of damages, the defendants have delayed and asked for set aside after default was entered, there is no reason to support the motions to set aside and that there is an unspecified risk of loss of evidence. (D.E. # 31, PageID 291)  Plaintiff provides no specifics regarding the alleged prejudice.  Even taken in the light most favorable to Plaintiff, this factor does not outweigh the other two factors.

        c.  Defendants have a meritorious defense

Further, each of the defendants has demonstrated a meritorious defense.  Plaintiff is required to serve Defendants within ninety (90) days after the complaint is filed.  If service has not been made within that time, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed.R.Civ.P 4(m).  The instant complaint was filed on April 20, 2020.  Plaintiff was required to obtain service on or before July 20, 2020.  Because Plaintiff has not obtained service on any of the defendants within the prescribed time period, the defendants have a meritorious defense.

III.   Conclusion

It is RECOMMENDED that the Motions to Set Aside Default be GRANTED for failure to obtain service of process on Defendants.  Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976). Therefore, if service of process was not proper, the court must set aside an entry of default. Id.; see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must

be satisfied."); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067 (6th Cir.1990). Because the Clerk's Entry of Default was improvidently granted, it is FURTHER RECOMMENDED that Plaintiff's Motion for Entry of Default Judgment be DENIED.

Because Plaintiff has not timely obtained and filed proof of service, it is FURTHER RECOMMENDED that the that Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m).

Signed this 8th day of January, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**