IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY T. GROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02307-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| CITY OF BARTLETT, TENNESSEE ) | |
| GOVERNMENT, Keith McDonald, Mayor – ) | |
| Bartlett Police Department (BPD), et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
DIRECTING CLERK TO REISSUE SUMMONSES**

Plaintiff sued pro se under 42 U.S.C. § 1983 alleging Defendants violated his civil rights. (ECF No. 1.) And in October 2020, Plaintiff moved for the Clerk to enter default, because Defendants had not responded to his complaint. (ECF No. 22.) Defendants then moved to set aside the Clerk's entry of default arguing that Plaintiff did not properly serve them. (ECF Nos. 27 & 28.) And Plaintiff moved the Court to enter default judgment. (ECF No. 30.)

Under Administrative Order No. 2013-05, the Court referred this case to the United States Magistrate Judge for management and for all pretrial matters. The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motions to set aside the default, deny Plaintiff's motion for default, and dismiss this action. (ECF No. 37.) For the reasons below, the Court **ADOPTS** the R&R **IN PART**.

## **THE REPORT AND RECOMMENDATION**

First, the Magistrate Court outlined the procedural history of this case. (*Id.* at PageID 401.) The Court explained that in June 2020, Plaintiff returned summonses as executed for all Defendants. (*Id.*) But Plaintiff signed each proof of service as the server. (*Id.*) And in August 2020 after he amended his complaint, Plaintiff filed proofs of service with no server signature. (*Id.*) Instead, Plaintiff noted only that "FedEx Carrier delivered for Anthony Grose, Plaintiff." (*Id.*)

Next, the Magistrate Court explained the standard district courts apply in deciding whether to set aside an entry of default. (*Id.* at PageID 402.) In short, a district court has "considerable latitude" to set aside the Clerk's entry of default and may do so for good cause. (*Id.*) Factors that help determine whether good cause exists include whether (1) the default was willful, (2) setting it aside would prejudice the plaintiff, and (3) the defendant has a meritorious defense. (*Id.*) Here, the Magistrate Court found that good cause existed to set aside the default entry, because Plaintiff had not properly served Defendants. (*Id.* at PageID 403–06.)

The Court explained that to serve the City of Bartlett, Plaintiff needed to serve personally either the Mayor or City Attorney, and he did neither. (*Id.* at PageID 403–04.) Further, Plaintiff filed proofs of service with no server signature. (*Id.*) The Magistrate Court correctly held that Plaintiff failed to properly serve the State of Tennessee, the Shelby County Government, or the City of Bartlett. (*Id.* at PageID 404.)

As for the individual Defendants, Nick Bramlett and Wesley Wilson, the Magistrate Court found that Plaintiff did not sign the proofs of service and performed the service himself. (*Id.* at PageID 405.) And so, Plaintiff likewise failed to properly serve those Defendants. (*See id.*) The Magistrate Court summarized the applicable Federal Rules of Civil Procedure stating,

"[w]hile the docket does reflect that Plaintiff has provided what he deems to be proof of service to the court, the documents provided are either signed by Plaintiff as the server, which is not permitted under Rule 4(c)(2), or are not signed by anyone as the server as required by Rule 4(1)(1)." (*Id.* at PageID 404.)[1]

In the end, the Magistrate Court recommended that this Court grant Defendants' motions to set aside default and deny Plaintiff's motion for default judgment. (*Id.* at PageID 406.) And the Magistrate Court recommended that this Court dismiss Plaintiff's complaint without prejudice, since Plaintiff failed to serve Defendants properly. (*Id.*)

## **DISPOSITION**

When a Magistrate Court issues an R&R, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). When reviewing an R&R,

> [a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate

---

[1] The Magistrate Court also noted that Rule 4(e)(1) permits service by mail here, since Tennessee law allows service by mail. (ECF No. 37 at PageID 405.) But Tennessee requires it to be made by certified return receipt mail. (*Id.*)

useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Plaintiff here moved to set aside the R&R (ECF No. 40) and moved for a court order to reissue summonses. (ECF No. 41.) The Court construes these motions as objections to the R&R. From what the Court can discern, Plaintiff claims that problems with the postal service may have affected his service. (ECF No. 40 at PageID 436.) And Plaintiff argues that Defendants submitted to jurisdiction here by entering a notice of appearance. (*Id.* at PageID 440–41.) Plaintiff also argues he properly completed service by using a third-party mail carrier. (*Id.* at PageID 437.) But as the Magistrate Court explained, Plaintiff failed to complete the required server's affidavit for his August 2020 summonses. (ECF No. 37 at PageID 401.) All in all, Plaintiff's arguments do not negate his responsibility to serve Defendants properly. That said, the Court notes that Defendants received notice that Plaintiff sued them, because they moved to set aside the entry of default soon after the Clerk entered it. (*See* ECF Nos. 27 & 28.)

Even so, the Court agrees with the Magistrate Court that this Court should grant Defendants' motions to set aside the entry of default and then deny Plaintiff's motion for entry of default judgment. The Court has wide discretion to set aside an entry of default, and good cause exists here, since Plaintiff failed to serve Defendants properly. (*See* ECF No. 37.) The Court, therefore, adopts the R&R in respect to Defendants' motions to set aside and Plaintiff's motion

for default judgment.  Thus, the Court **GRANTS** Defendants' motions to set aside (ECF Nos. 27 & 28) and **DENIES** Plaintiff's motion for entry of default judgment.  (ECF No. 30.)

But the Court finds that dismissal would be premature.  Federal Rule of Civil Procedure 4(m) explains that Plaintiffs should complete service within 90 days after filing suit.  Otherwise, the court must dismiss the action <u>or</u> order that Plaintiff complete service within a specified time.  Fed. R. Civ. P. 4(m).  So when there is good cause, the Court has to extend the 90-day period, but it <u>*may*</u> extend it in the court's discretion even without good cause.  *Commentary*, Fed. R. Civ. P. 4 (m).

Plaintiff failed to serve Defendants properly within the 90-day window.  (*See* ECF No. 37 at PageID 407.)  But Plaintiff has, in good faith, asked the Court to reissue summonses and allow additional time for him to execute proper service.  (ECF No. 41.)  And Plaintiff's request is well-taken.  The Court may extend the period for proper service and discerns no reason to delay this matter any more when Plaintiff has already paid the filing fee and started this action.  And so, the Court **GRANTS** Plaintiff's request to reissue summonses and **ORDERS** Plaintiff to effect proper service within 90 days after the Clerk reissues the summonses.

## CONCLUSION

In the end, the Court **ADOPTS IN PART** the Magistrate Court's R&R.  The Court **GRANTS** Defendants' motions to set aside entry of default and **DENIES** Plaintiff's motion for default judgment.  That said, the Court departs from the Magistrate Court's recommendation to dismiss this action.  Instead, the Court respectfully **DIRECTS** the Clerk to issue alias summonses and **ORDERS** Plaintiff to effect service within 90 days from the date of reissuance.

**SO ORDERED**, this 10th day of May, 2021.

                                                  s/Thomas L. Parker
                                                 THOMAS L. PARKER
                                                 UNITED STATES DISTRICT JUDGE