IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ANTHONY T. GROSE,**

      **Plaintiff,**

v.                                                                              Case No. 2:20-cv-02307-TLP-cgc

**CITY OF BARTLETT, TENNESSEE;**
**NICK BRAMLETT, in his official and**
**individual capacities; and,**
**WESLEY WILSON, in his official and**
**individual capacities,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

Before the Court is Plaintiff Anthony T. Grose's Second Motion for Leave to File Amended Complaint. ("Second Motion to Amend" or "Plaintiff's Motion") (Docket Entry ("D.E.") #80). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.   For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion be DENIED.

1

I.      **Procedural History**

On April 20, 2020, Plaintiff filed a Complaint in this Court alleging violations of his civil rights in violation of 42 U.S.C. Section 1983 ("Section 1983").[1] Plaintiff claims arise from his arrest by the Bartlett Police Department and his subsequent prosecution for two counts of driving under the influence of an intoxicating substance and one count of reckless driving. (Compl. ¶¶ 23-81). Specifically, Plaintiff contends that he was forcefully detained, that he was subjected to an unconstitutional blood draw without his consent, and that his blood sample may have been mishandled or tampered with during the investigation. (*Id.*)

On August 9, 2021, Plaintiff filed a *pro se* Motion to Amend his Complaint but did not attach a proposed amended complaint. (D.E. #66). The Magistrate Judge held a motion hearing on this and other motions on September 2, 2021, at which time Plaintiff withdrew his Motion to Amend. (D.E. #81). On September 3, 2021, Plaintiff filed the instant motion, which again failed to either attach a proposed amended complaint or clearly state the proposed amendments. Instead, Plaintiff's Second Motion to Amend discusses the following: (1) information regarding the Court's subject matter jurisdiction and venue; (2) legal issues he believes may relate to his case; (3) factual allegations against the State Defendants; and, (4) further factual allegations concerning his stop, arrest, and detention.

On September 17, 2021, the Bartlett Defendants, who are the only remaining defendants in the case, filed their Response to Plaintiff's Second Motion to Amend. (D.E. #83). The Bartlett

---

[1] After filing his Complaint, Plaintiff filed a document entitled "Plaintiff's Notice Amended His Complaint at Item No. 55," which sought to correct a one-word typographical error. (D.E. #13). Given that Plaintiff seeks to correct his initial pleading rather than replace it, the Magistrate Judge has considered the Complaint and Amended Complaint jointly for purposes of the Report and Recommendation.

2

Defendants argue that justice does not require that Plaintiff be permitted to amend the Complaint to add these allegations because they have not disputed that subject matter jurisdiction and venue are proper (*see* D.E. #55 at 2-3), because the legal arguments he seeks to address are improper under Rule 8(a)(2) of the Federal Rules of Civil Procedure, because the State Defendants have been dismissed, and because the remaining proposed factual allegations regarding his stop, arrest, and detention are largely duplicative of the allegations in the Complaint.

### II.   Proposed Analysis and Conclusions of Law

Rule 15(a) governs amending pleadings before trial and provides as follows:

**(1)** ***Amending as a Matter of Course***.   A party may amend its pleading once as a matter of course within:

   **(A)**  21 days after serving it, or

   **(B)**  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** ***Other Amendments.***   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).   "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Upon review, Plaintiff does not meet either of the requirements of Rule 15(a)(1), and the Bartlett Defendants have not consented to the amendments pursuant to Rule 15(a)(2).   Thus,

Plaintiff may only amend his pleading pursuant to the Court's leave.

As an initial matter, Plaintiff has failed to submit a proposed amended complaint, which itself provides grounds to deny Plaintiff's motion. *See, e.g. Christian v. Delta Airlines*, No. 2:16-cv-02672, 2017 WL 2986598, at *2 (W.D. Tenn. July 13, 2017); *Samantha D. Reed Rajapakse v. Memphis Light, Gas and Water Division*, No. 12-2807-JDT-dkv, 2013 WL 3803979, at *15 (W.D. Tenn. July 19, 2013) (citing cases). However, when a plaintiff describes the new allegations he seeks to include, the court may consider them to determine if leave to amend appears to be appropriate. *Jonah Paul Anders v. Shelby Cty.*, No 16-cv-02775-SHM-cgc, 2017 WL 4005453, at *3 (W.D. Tenn. Sept. 12, 2017) (citing *Kostyu v. Ford Motor Co.*, 798 F.2d 1414 (6th Cir. 1986)).

Moving to the proposed additions, Plaintiff's Motion first states that this Court has subject matter jurisdiction pursuant to Section 1983 and that venue is proper pursuant to 28 U.S.C. § 1391. (Second Mot. to Amend at PageID 845-848). Plaintiff's Complaint already set forth this information (*see* Compl. at PageID 3-4, ¶¶ 1-5), and the Bartlett Defendants' Answer concedes both issues, (*see* Bartlett Def.'s Answer, D.E. #55, at PageID 666-67, ¶¶ 1-5). It is not clear if this is an actual proposal to amend the Complaint or simply a restatement of these issues. Regardless, it is RECOMMENDED that justice does not require that amendments that are duplicative of that which has already been pled be permitted. *See Philip Fluegge v. Nationstar Mortg., LLC*, No. 12-15500, 2013 WL 5435320, at *3 (E.D. Mich. Sept. 27, 2013); *see also* Fed. R. Civ. P. 8(a)(1) (stating that a pleading need not include a statement of the grounds for the court's jurisdiction if "the court already has jurisdiction and the claim needs no new jurisdictional support").

4

Second, Plaintiff's Motion discusses Opinion 10-01 issued by the State of Tennessee Office of the Attorney General (D.E. #80-3), which addresses whether, under Tennessee law, law enforcement officers may use search warrants or other legal means to obtain a blood specimen over a suspect's express refusal of consent.  (Second Mot. to Amend at PageID 845-846, 850-51). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*.  The discussion of this legal opinion neither states a cause of action nor pleads a factual basis for his claims.  Accordingly, it is RECOMMENDED that justice does not require that an amendment to add discussion of legal issues that are not the bases for the causes of action be permitted.

Third, Plaintiff's Motion realleges claims against the State Defendants who were named in his Complaint.  (Second Mot. to Amend at PageID 848-849, 856-858).  The claims against the State Defendants were dismissed on September 16, 2021, (D.E. #82), and a plaintiff cannot amend his complaint to restate claims against dismissed parties, *see, e.g., Larry Lee Lemay v. Katherine Ogilvie*, No. 3:12-cv-0852, 2013 WL 5236657, at *1 (M.D. Tenn. Sept. 17, 2013).  Accordingly, it is RECOMMENDED that any such amendments would be futile.

Finally, Plaintiff's Motion seeks to add approximately four pages of factual allegations concerning his stop, arrest, and detention—the majority of which were previously set forth in his Complaint.  (Second Mot. to Amend at PageID 852-856).  Plaintiff's Motion does not include any explanation of why these additional facts are necessary to support the claims he has already raised.  Although amendments should be freely given, justice does not require leave to amend to include "unnecessary" factual detail, *Darryl West v. Ann Arbor Housing Comm'n*, No. 17-CV-10566, 2018 WL 654839, at *1 (E.D. Mich. Feb. 1, 2018), or "factual allegations which add

5

nothing to the substance of plaintiff's [already] lengthy . . . complaint," *Darlington Amadasu v. The Christ Hospital*, No. 1:04-CV-456-SJD-TSH, 2006 WL 2850524, at *4 (S.D. Ohio July 26, 2006). Likewise, amendments should not be permitted when they will "unnecessarily clutter the record by adding detailed factual allegations in further support of the claims already presented in the original complaint." *Nicole Perez v. FCA USA, LLC*, No. 19-CV-13510, 2021 WL 1608754, *1 (Apr. 26, 2021). Accordingly, it is RECOMMENDED that justice does not require any amendment to add these factual allegations in support of the previously pled claims.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Second Motion to Amend (D.E. #80) be DENIED.

**DATED** this 21st day of December, 2021.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**