IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY T. GROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02307-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| CITY OF BARTLETT, TENNESSEE ) | |
| GOVERNMENT, Keith McDonald, Mayor- ) | |
| Bartlett Police Department (BPD), et al., ) | |
| ) | |
| Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Anthony Grose sued pro se under 42 U.S.C § 1983 alleging that Defendants violated his civil and constitutional rights. (ECF No. 1 at PageID 9–19.) But the issue here is that Plaintiff moves for the second time to Amend his Complaint. (ECF No. 80.) Under Administrative Order No. 2013-05, the Court referred this case to a United States Magistrate Judge for management and for all pretrial matters. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's Motion to Amend. (ECF No. 87.) For the reasons below, the Court agrees with the reasoning and the Magistrate Judge's conclusions. This Court therefore **ADOPTS** the R&R.

**BACKGROUND**

I.  **Facts of the Case**

Bartlett police officers Nick Bramlett and Wesley Wilson stopped Plaintiff while he was driving a car. (ECF No. 1 at PageID 10.) Plaintiff agreed to submit to a field sobriety test but

then failed it. (*Id.* at PageID 11.) Plaintiff claimed that the officers then forcefully handcuffed him, pushed him into a patrol car, and took him to the BPD. (*Id*. at PageID 11–12.) Later after the officers placed him in jail, "deputy jailors and the paramedics" informed Plaintiff that they wanted to take a blood sample. (*Id*. at PageID 14.) When he refused, they allegedly strapped Plaintiff to a chair and forcibly drew his blood. (*Id*.) The BPD released Plaintiff from custody later that day. (*Id*. at PageID 15.) A few months later, however, the State charged Plaintiff with two counts of driving under the influence of an intoxicant and one count of reckless driving. (ECF No. 35-2 at PageID 365.)

II.     **Procedural History**

Plaintiff started this suit one year after the alleged incident and asserted four causes of action related to his treatment. (*Id*. at PageID 17–19.) In response, State Defendants successfully moved to dismiss the case against them.[1] (ECF No. 35-1 at PageID 354–57 and 360-61; and ECF No. 82.)

Now Plaintiff seeks to amend his complaint but as the Magistrate Judge pointed out twice, Plaintiff failed to attach a draft of his amended complaint. (ECF Nos. 66, 80, 81.) The Bartlett defendants responded in opposition to this motion. (ECF No. 83.) The Magistrate Judge issued a well-reasoned R&R recommending that the Court DENY the motion to amend. (ECF No. 87.) Neither party objected to the R&R.

---

[1] One theory advocated for dismissal based on improper service, but this Court had addressed the improper service (ECF No. 49) and State Defendants later elected to waive service of process. (ECF Nos. 50–51.) State Defendants also argued that if the Court denied the dismissal, it should abstain from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 35-1 at PageID 361–63.)

## **ADOPTING THE R&R**

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party objected to the R&R here, and the time for filing objections expired months ago. See Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds that the reasoning and conclusions are correct. This Court thus finds no clear error and **ADOPTS** the R&R in its entirety and **DENIES** Plaintiff's motion to amend.

**SO ORDERED**, this 8th day of March, 2022.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE